IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MICHAEL E. TAYLOR
ADC #089651                                                                               PLAINTIFF

v.                                         4:23-cv-00923-KGB-JJV

BRANDON LONG, Sheriff,
Stone County Sheriff Dept.; *et al.*                                                      DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

I.   **DISCUSSION**

In September 2023, Michael E. Taylor ("Plaintiff") and twelve other detainees attempted to file a *pro se,* joint Complaint alleging that, collectively, their constitutional rights were violated at the Stone County Jail in numerous different ways. (Doc. 1.) Pursuant to Court policy, the Clerk severed the Complaint into thirteen separate lawsuits with the above case number being assigned to Plaintiff's separate action.

On October 25, 2023, I entered an Order explaining to Plaintiff that the various factually and legally unrelated claims raised in the Complaint were not properly joined pursuant to Fed. R.

1

Civ. P. 20(a)(2).[1]  (Doc. 9.)  I then gave Plaintiff thirty days to file an Amended Complaint including only properly joined claims.  I also advised Plaintiff that if he did not do so, I would only screen the first properly joined claims while recommending all others be dismissed without prejudice.  *See* Fed. R. Civ. P. 21 (explaining a court may *sua sponte* "add or drop" an improperly joined party or claim); *Stephens v. Does*, 777 F. Appx. 176, 177 (8th Cir. Sept. 17, 2019) (affirming dismissal without prejudice of unrelated claims); *Bailey v. Doe*; Case No. 11-2410, 2011 WL 5061542 (8th Cir. Oct. 26, 2011) (unpublished opinion) (affirming a trial court's decision to sever a prisoner's complaint into three separate actions and obligating him to pay three separate filing fees).  Finally, I pointed out several pleading deficiencies and cautioned Plaintiff I would recommend dismissal if he did not cure them.  The time for Plaintiff to file an Amended Complaint has passed.[2]

In his first properly joined claims, Plaintiff says he was subjected to a variety of inhumane conditions of confinement such as kitchen workers not being tested for tuberculosis or hepatitis, failing to wear gloves or properly cover food, keeping a dog in the kitchen, and serving reduced food portions.  (Doc. 1.)  He also says the jail has an inadequate number of sinks and toilets, leaking plumbing, black mold in the showers and on the walls, inadequate cleaning supplies, dirty bedding, and no tuberculosis prevention lights.  Although I previously advised Plaintiff to do so, he has not explained whether he was a pretrial detainee or convicted prisoner when he allegedly

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

[2] On October 26, 2023, Plaintiff filed a Response asking the Court not to dismiss his case due to his inability to pay the filing fee.  (Doc. 10.)  But he has not filed an Amended Complaint.

endured these conditions, which is necessary for determining whether he has pled a plausible claim. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906-07 (8th Cir. 2020).

More importantly, as "a general rule, a plaintiff may only assert his own injury in fact and cannot rest his claim to relief on the legal rights or interests of third parties." *Hodak v. City of St. Peters*, 535 F.3d 899, 904 (8th Cir. 2008). And to establish standing to bring a claim, a prisoner must demonstrate that he personally suffered an injury in fact that is fairly traceable to the defendant's conduct. *Mitchell v. Dakota Cty. Soc. Servs.*, 959 F.3d 887, 896 (8th Cir. 2020); *Johnson v. State of Mo.*, 142 F.3d 1087, 1088-91 (8th Cir. 1998). Although I previously advised Plaintiff to do so, he has not explained which of these constitutional violations he (as opposed to other detainees or inmates) personally endured, how long he endured them, and importantly, how he was personally harmed by any of them. *See Tokar v. Armontrout,* 97 F.3d 1078, 1082 (8th Cir. 1996) (conditions may be tolerable for a few days and intolerably cruel for weeks or months). Thus, he has not provided sufficient facts to establish constitutional standing or to state a plausible conditions of confinement claim. *See Young Ams. Found. v. Kaler,* 14 F.4th 879, 887 (8th Cir. 2021) (standing is a jurisdictional matter that may be raised *sua sponte*); *Johnson,* 142 F.3d at 1089-90 (prisoners who did not suffer an injury in fact lacked standing to bring a § 1983 claim).

Finally, in a § 1983 action, supervisors cannot be held vicariously liable for the constitutional violations committed by their subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability"). Thus, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."

3

*Iqbal*, 556 U.S. at 676. The Complaint seeks to hold each of the four Defendants liable merely because they are supervisors and does not provide specific information as to how each of them was personally involved in the alleged constitutional violations. Thus, the Complaint falls short of properly pleading a plausible claim against the Defendants.

For these reasons, I conclude Plaintiff has not pled a plausible conditions of confinement claim. And I recommend the remaining claims be dismissed as improperly joined.

## II. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 1) be DISMISSED without prejudice.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 28th day of November 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE